# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOE BENTON ARMSTRONG, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:11CV254 |
| | ) |
| DR. LIGHTSEY, et al., | ) |
| | ) |
| Defendant(s). | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the complaint is such that serious flaws make it impossible to further process this complaint. The problems are:

1. Plaintiff has stated in the complaint form that he has not fully exhausted available administrative remedies, but that his grievance is still pending (docket no. 1 § III(B)(3).) Exhaustion is required before Plaintiff may bring this action. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the complaint, and Plaintiff has had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674 (4th Cir. 2005). The court finds that any stated reasons do not excuse Plaintiff from the exhaustion requirement.

2. Plaintiff does not appear to state claims against two of the three named defendants. He has sued a doctor claiming that he improperly treated Plaintiff for a Painful condition involving a plantar wart. He also sues two nurses, but

    his only allegations against them are that they can verify that the doctor acted improperly. It is not clear how the nurses' alleged actions could have violated Plaintiff's rights.

3.   Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the court, and one copy for each defendant named.

  Consequently, this particular complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms and after he has completely exhausted his administrative remedies, which corrects the defects of the present complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

  *In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

  **IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms and after he has completely exhausted his administrative remedies, which corrects the defects cited above.

_____
**Wallace W. Dixon, U. S. Magistrate Judge**

April 5, 2011